# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61618-CIV- ZLOCH/ROSENBAUM

KENNETH ARUGU,

      Plaintiff,

v.

CITY OF PLANTATION, et al.,

      Defendants.

_____/

## ORDER

This matter is before the Court upon Plaintiff's Amended Motion for Leave to Redepose Teddy Meisel In His Individual Capacity and As To A Different But Related Subject Matter ("Motion to Re-Depose") [D.E. 106], pursuant to an Order of Referral entered by the Honorable William J. Zloch.  [D.E. 110].  The Court has reviewed the Motion to Re-Depose [D.E. 106], Defendants' Opposition [D.E. 112], and Plaintiff's Reply [D.E. 118], along with the case file and is otherwise fully advised in the premises.  After a thorough review, the Court finds that the Motion to Re-Depose should be denied.

### DISCUSSION

On October 13, 2009, Defendants City of Plantation ("the City"), Officer Kimberly Stalker ("Stalker"), and Officer William Smith ("Smith") filed their Notice of Removal [D.E. 1] with the Court.  In their Notice, Defendants indicated that Plaintiff Kenneth Arugu ("Plaintiff" or "Arugu") had filed an action in the Circuit Court of the Seventeenth Judicial Circuit (the "Original Action").  Plaintiff filed the Original Action in 2007, alleging various common-law claims against Defendants.  By way of Amended Complaint dated September 14, 2009 (the "Amended Complaint"), Plaintiff

amended the Original Action to include claims brought pursuant to 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights.  In removing the case to federal court, Defendants asserted that this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 because the Amended Complaint sets forth facts which, if true, would constitute a violation of federal law. The Amended Complaint contains common-law claims against each of the Defendants for alleged false arrest, negligence, malicious prosecution, intentional infliction of emotional distress, and assault and battery, as well as the added federal claims alleging use of excessive force in violation of 42 U.S.C. § 1983.  This Court previously granted the City's Motion for Limited Remand and, consequently, all common-law claims asserted against the City have been remanded to state court.

Plaintiff now seeks leave of Court to re-depose Teddy Meisel ("Meisel"), a supervisor with the Broward Sheriff's Office ("BSO"), who signed Plaintiff's Termination Form once BSO decided to terminate Plaintiff's civilian position.  In claiming that the alleged false arrest and excessive force at issue in this case caused him to lose his job with BSO, Plaintiff seeks lost wages as damages against Defendants.  Plaintiff does not dispute that the parties previously deposed Meisel on April 2, 2009, and states that during the prior deposition, Meisel provided deposition testimony outlining the reasons why BSO terminated Meisel and why, as Plaintiff's supervisor, Meisel approved Plaintiff's termination. Indeed, Plaintiff states that the "central point of the April 2, 2009, deposition of Teddy Meisel concerned whether and why BSO terminated Plaintiff." *See* D.E. 106 at p. 2.

According to Plaintiff, Meisel's deposition testimony revealed that Meisel recommended Plaintiff's termination due to the totality of the allegations in the investigative report attached to the Motion to Re-Depose.  Plaintiff emphasizes that the investigative report cited the following reasons for Plaintiff's termination: (a) conformity to laws, relating to allegations of battery on law enforcement officer, resisting arrest, violation of domestic injunction; (b) official reports/truthfulness

2

in BSO matters, relating to alleged failure to report a prior arrest; and (c) conduct unbecoming an employee, relating to every allegation in the report.  Since the April 2, 2009, deposition, Plaintiff asserts that he has uncovered Meisel's disciplinary history, revealing that, on more than one occasion, BSO investigated and disciplined Meisel for violations of Florida statutes and BSO policies.[1]  *Id.* at p. 3.  Consequently, Plaintiff seeks to re-depose Meisel in order to question Meisel about this alleged disciplinary record at BSO.  Plaintiff asserts that the re-deposition of Meisel is necessary so that Plaintiff may address Meisel's disciplinary history at BSO and to "cast doubt on the reasons claimed by Teddy Meisel for BSO['s] termination of Plaintiff."  *Id.* at p. 5.

Defendants emphasize that the parties previously deposed Meisel to completion in this matter on April 2, 2009, while the case was still pending in state court.[2]  Accordingly, Defendants assert that absent a showing of good cause by Plaintiff, the Court should deny Plaintiff's request to re-depose Meisel.  Noting that Plaintiff has already had ample opportunity to depose Meisel, including questioning Meisel regarding his disciplinary record, Defendants contend that no good cause exists to grant Plaintiff's Motion to Re-Depose.  Defendants note that Plaintiff's claims in this case began in mid-2006, when Plaintiff filed a complaint with the Florida Commission on Human Relations and when the DOAH opened a case.  With respect to Meisel's deposition, Defendants emphasize that they provided approximately two months' notice of the deposition and, thus, Plaintiff had adequate

---

[1]    According to Plaintiff, BSO investigated and disciplined Meisel in 2006 for the following reasons: (a) conformity to laws, relating to using his BSO civilian badge and impersonating a police officer; (b) position/identification abuse, relating to intimidating a husband and wife on the highway and displaying his BSO civilian badge in false claim to be a police officer; and (c) conduct unbecoming an employee, relating to the totality of all the charges in (a) and (b).  Additionally, Plaintiff claims that BSO investigated and disciplined Meisel in 2000 for the following: (a) equipment use and (b) distraction from work.

[2]    Defendants further state that Meisel was also deposed during an action conducted by the Division of Administrative Hearings ("DOAH"), which was opened in June of 2006.

time to prepare.  And, over this nearly three-year time frame, Defendants maintain that Plaintiff similarly enjoyed substantial time to obtain Meisel's disciplinary record from BSO.  Moreover, Defendants note that Meisel's disciplinary record is a public record and Defendants did not prevent Plaintiff from obtaining those records or from questioning Meisel about any disciplinary action taken against him by BSO.  Ultimately, Defendants argue that "failing to do one's homework before a deposition or failing to procure ***readily obtainable*** records," does not establish good cause.  *See* D.E. 112 at p. 6.  (emphasis in original).

Aside from its arguments that Plaintiff has failed to establish good cause to re-depose Meisel in this case, Defendants also argue that Meisel's disciplinary history at BSO is not relevant to the claims in this case.  In this regard, Defendants note that although Meisel recommended terminating Plaintiff's employment at BSO, he was not the ultimate decision maker with respect to Plaintiff's termination and, in fact, did not have authority to terminate Plaintiff.  *See* D.E. 112 at p. 2.  Instead, Defendants point out that various other supervisors up the chain of command, including the division director and the Human Resources director, approved the termination.  According to Defendants, "[a]ll four successive levels over Teddy Meisel agreed that [Plaintiff] should be terminated given the findings contained in the [investigative report]."  *Id*. at p. 3.  Finally, Defendants argue that the considerations of Rules 403 and 404 of the Federal Rules of Evidence require that the Motion to Re-Depose be denied.

## *ANALYSIS*

Pursuant to Rule 30(d)(1), Fed. R. Civ. P., "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  Local Rule 26.1.K. adopts the federal rule and hence, both rules require leave of Court before a party may seek to depose a witness for a second time.  Moreover, Rule 30(a)(2), Fed. R. Civ. P., provides,

4

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
> > (A) if the parties have not stipulated to the deposition and:
> >
> > > (ii) the deponent has already been deposed in the case.

Rule 30(a)(2)(A)(ii), Fed. R. Civ. P.

Because both parties agree that Meisel was previously deposed in this matter and the parties have not stipulated to re-deposing Meisel, the principles set forth in Rule 26(b)(2), Fed. R. Civ. P. govern the Motion to Re-depose now before the Court.   Rule 26(b)(2)(C), in turn, states that discovery should be limited if the Court determines that the requested discovery is (i) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs the likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(i), (ii), (iii).   The Advisory Committee Notes to Rule 30(d) make clear that the party seeking a court order to extend a deposition or otherwise alter the limitations must show good cause to justify such a court order.  *See* Advisory Committee Note to 2000 Amendment to Fed. R. Civ. P. 30(d).

Upon full consideration of the parties' arguments, the Court finds that no good cause exists to allow Plaintiff to re-depose Meisel in this matter.  Instead, Rule (b)(2)(C), Fed. R. Civ. P., requires in this case that Plaintiff's Motion to Re-Depose be denied because Plaintiff has had "ample opportunity to obtain the information by discovery in the action."  *See* Rule 26(b)(2)(C)(ii).   No dispute exists in this matter that Meisel sat for his deposition earlier in these proceedings and that the deposition was conducted until completion.   Accordingly, Plaintiff had an opportunity to question Meisel during the April 2, 2009, deposition regarding his disciplinary record at BSO.  In

5

fact, and as noted by Defendants, "Mr. Meisel's own disciplinary history at BSO was 'fair game' during the April 2, 2009 discovery deposition and absolutely could have been inquired into by Plaintiff." D.E. 112 at p. 7. The fault in failing to make such an inquiry lies with no one except Plaintiff. Indeed, Defendants did nothing to prevent Plaintiff from making what he now deems to be a relevant inquiry into Meisel's disciplinary record.

This is not a case where Plaintiff sought Meisel's disciplinary record in a request for production directed to any of the Defendants and Defendants failed to produce the documents or delayed the production. Nor did Defendants hide Meisel's disciplinary history or otherwise obstruct Plaintiff's access to these records. If such obstructive tactics had occurred, the Court's determination might be quite different. Plaintiff further could have requested Meisel's disciplinary history from BSO through a public records request. For whatever reason, Plaintiff, however, apparently chose not to do so. Neglecting or even consciously choosing not to seek this information cannot constitute good cause to require a witness to sit for a second deposition.

Plaintiff also has had substantial time to obtain the information sought. Meisel's disciplinary action occurred in September of 2000 and June of 2006. Accordingly, these materials were available to Plaintiff well before the April 2, 2009, original deposition of Meisel – at a minimum, approximately three years prior to the deposition. And, as noted by Defendants, Plaintiff litigated his discrimination claim against BSO in the DOAH proceedings from June of 2006 through February of 2009. With respect to the April 2, 2009, deposition itself, Defendants provided nearly two months' notice to Plaintiff of the deposition. In this regard, Defendants served the notice of deposition on February 6, 2009, for the deposition that was held on April 2, 2009. Plaintiff could have requested Meisel's disciplinary record at any time after Plaintiff filed the DOAH litigation (2006), upon filing the instant lawsuit (2007), or at a minimum, after Defendants noticed Meisel's

deposition (2009).

Finally, with respect to Plaintiff's argument that only counsel for Defendants knew what the substance of inquiry would be during Meisel's deposition, the Court finds that the argument lacks merit.  First, Plaintiff was aware that Meisel was one of Plaintiff's supervisors and signed the termination recommendation and, thus, the line of questioning should have been clear that the deposition would center around BSO's (and Meisel's) justification and reasons for terminating Plaintiff.  Because Plaintiff's disciplinary record was part of the investigative report upholding the termination, counsel should have known that a discussion of Plaintiff's disciplinary history would follow during Meisel's deposition.  Consequently, it was incumbent upon Plaintiff's counsel to prepare for the deposition and strategize whether Meisel's disciplinary record was similarly relevant to the deposition.  Second, Plaintiff knew that he, too, would have the chance to ask Meisel any relevant, non-privileged questions, regardless of whatever Defendants decided to ask.  Under these circumstances, Plaintiff could have asked Meisel about the disciplinary actions against him, even if Defendants did not.  Overall, the Court cannot find good cause allowing it to grant the Motion to Re-Depose based upon Plaintiff's choice not (or even his neglect) to ask questions he could have asked at the April 2, 2009, deposition.

The Court agrees with Defendants that policy considerations require such an outcome.  If parties were routinely allowed to re-depose witnesses who had previously been deposed to completion, the result would be a system where a party would conduct preliminary depositions to "test the waters," and then follow up with further research.  After reviewing the research, a party could then review the deposition testimony and use that testimony to fashion a line of questioning for a second deposition.  The Court agrees with Defendants that this type of procedure would be unfair to the parties and would result in inefficient litigation of claims.  Furthermore, if the

7

circumstances set forth in Plaintiff's motion were sufficient to re-depose Meisel, then any party who, due to oversight or otherwise, failed to research the background of a deponent or failed to obtain relevant documents necessary to depose the witness,  could re-depose the witness contending that the evidence was not previously known to counsel.  Such a system would punish the well-prepared and reward the ill-prepared, thereby encouraging, or at least condoning, such lawyering.  As a result, witnesses would be inconvenienced more and discovery would become more expensive.

For all of the foregoing reasons, the Court finds that Plaintiff has failed to set forth good cause for requiring Meisel to be deposed a second time in this case.  Because the Court finds that the policies surrounding Rule 26(b)(2)(C) require the Court to limit the discovery requested in this matter, the Motion to Re-Depose will be denied.[3]

### *CONCLUSION*

Accordingly, for the reasons set forth above,  it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Amended Motion for Leave to Redepose Teddy Meisel In His Individual Capacity and As To A Different But Related Subject Matter [D.E. 106] is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida this 27th day of June, 2010.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:      Honorable William J. Zloch
         Counsel of Record

---

[3]      Although the Court recognizes that Defendants raised additional arguments premised upon Rules 403 and 404, Fed. R. Civ. P., the Court need not address these arguments because the Court denies Plaintiff's Motion to Re-Depose on other grounds as noted above.